**DeWayne Quincy SPIEKER,**
**Appellant–Claimant,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Servant HR, Inc., Appellees–Respondents.**

No. 93A02–0906–EX–581.

Court of Appeals of Indiana.

Jan. 20, 2010.

Publication Ordered April 1, 2010.

DeWayne Quincy Spieker, Indianapolis, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-claimant DeWayne Quincy Spieker appeals the decision of the Review Board of the Department of Workforce Development (the Board) finding that Spieker had been discharged by his employer for just cause. Spieker argues that there is insufficient evidence supporting the Board's conclusion. Finding sufficient evidence, we affirm.

### FACTS

Spieker was employed as a debt collector for Servant HR, Inc. (SHR), beginning on June 30, 2008. On December 3, 2008, Spieker resigned, stating in his written resignation letter that he intended to go back to school.

At some point, Spieker applied for unemployment benefits. On January 16, 2009, a claims deputy of the Department of Workforce Development determined that Spieker was discharged but not for just cause and was, therefore, eligible to receive unemployment benefits. On January 22, 2009, SHR appealed the determination of eligibility. On May 5, 2009, an Administrative Law Judge (ALJ) held a hearing on this matter, and on May 11, 2009, the ALJ reversed the deputy's decision, finding that Spieker had been discharged for just cause. Among other things, the ALJ found and concluded as follows:

his supervisor told him to submit his resignation when they became aware he was going back to school. [SHR] testified that [Spieker] would have been discharged had he not submitted his resignation. The reasons [Spieker] would have been discharged were absenteeism, problems with performance, and email abuse.

[Spieker's] absences were 11/19/08, 11/20/08, and 12/2/08, and he took a 48 minute break without clocking out on 9/23/08.

[Spieker's] performance problems were the subject [of] a disciplinary notice dat-

ed 10/14/08. [Spieker] was expected to average 100 calls per day; however, his average was 76.4 calls per day. [Spieker's] minimum level of competency (MLC) score was 66.5%, which is below the 85% MLC score that is expected. [Spieker] improved on his MLC score after the 10/14/08 write-up.

[Spieker's] email and internet use was monitored. [Spieker] sent an email to a co-worker in which he discussed his future with the company, an intention to go back to school, or his job search. The co-worker made [SHR] aware of this email. [Spieker] also acknowledged that he did go on internet websites, possibly including employment sites, during his breaks and lunch. [Spieker] stated that it was possible that he was on employment websites, but he stated that he was never told that he could not view these sites.

CONCLUSIONS OF LAW: ... The ALJ concludes that substantial evidence was presented to establish that [Spieker] was using the company's computer to discuss his school and work intentions and to search for jobs while at work. An employee owes his employer the duty to use company equipment for company business and not to discuss or look for employment opportunities while at work. [Spieker] breached this duty. [Spieker] was discharged for just cause. [Spieker] is not eligible for benefits.

Appellee's App. p. 3–4.

On May 19, 2009, Spieker filed an appeal with the Board. In a letter to the Board, Spieker requested to submit additional evidence that had not been presented at the hearing before the ALJ. The Board refused to accept the additional evidence and did not hold a hearing. On June 23, 2009, the Board affirmed the ALJ's conclusion and adopted the ALJ's findings of fact and conclusions of law. Spieker now appeals.

## DISCUSSION AND DECISION

As we consider Spieker's argument that there is insufficient evidence supporting the Board's conclusion, we note that the Board's decision is "conclusive and binding as to all questions of fact." *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1316 (Ind.1998). Thus, we are limited to a two-part inquiry into the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of fact. Ind. Code § 22–4–17–12(f). We will reverse the Board's decision only if there is no substantial evidence to support its findings, and in conducting our analysis, we neither reweigh the evidence nor assess witness credibility. *McClain*, 693 N.E.2d at 1316.

An unemployment claimant is ineligible for unemployment benefits if he was discharged for just cause. *Russell v. Review Bd. of the Ind. Dep't of Employment and Training Servs.*, 586 N.E.2d 942, 948 (Ind.Ct.App.1992). Just cause includes discharge for "any breach of duty in connection with work which is reasonably owed an employer by an employee." I.C. § 22–4–15–1(d)(9). The employer bears the burden of establishing a prima facie showing of just cause for termination, and once that burden is met, the burden shifts to the employee to introduce competent evidence to rebut the employer's case. *Hehr v. Review Bd. of the Ind. Employment Sec. Div.*, 534 N.E.2d 1122, 1124 (Ind.Ct.App.1989).

Here, SHR presented evidence that in less than six months of being employed at the company, Spieker was issued verbal warnings regarding the need to work his scheduled hours and meet SHR's minimum levels of productivity. He received two disciplinary notices. And finally,

he admitted to using SHR's computers to email another SHR employee about his plan to go back to school and his search for another job. He may have also been using SHR computers to look at career-related websites and conduct job searches online. Spieker admitted to the email correspondence, though he denied that he was interviewing at other companies.

 At the hearing before the ALJ, Spieker offered little evidence aside from his own testimony to counter SHR's evidence of his breach of the duty of loyalty. *See Potts v. Review Bd. of Ind. Emp. Sec. Div.,* 475 N.E.2d 708, 711 (Ind.Ct.App. 1985) (holding that all employees owe their employers a duty of loyalty). Upon appeal to the Board, Spieker requested to submit additional evidence that he had not submitted to the ALJ. Specifically, Spieker sought to offer two affidavits of other SHR employees that would allegedly establish that SHR's computer usage policy was not uniformly enforced.

A claimant seeking to submit additional evidence must show "good reason why such additional evidence was not procured and introduced at the hearing before the administrative law judge." 646 IAC 3–12–8(b). Here, Spieker's only request to the Board to submit the affidavits stated, in full, as follows: "I am also requesting to submit the included affidavit[s] as evidence." Appellee's App. p. 6A. Inasmuch as Spieker wholly failed to explain why this evidence was neither procured nor introduced at the hearing before the ALJ, the Board acted well within its discretion to decline to consider it.

Given the evidence establishing that Spieker, at the least, violated his duty of loyalty to SHR by using company computers to conduct non-work-related email correspondence about his hopes of leaving the company, we find that the Board did not err by affirming the ALJ's determination.

The judgment of the Board is affirmed.

BAILEY, J., and ROBB, J., concur.

### ORDER

Appellee, by counsel, has filed a Motion to Publish by Appellee Review Board. Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

The Motion to Publish by Appellee Review Board is GRANTED.

BAKER, C.J., BAILEY, and ROBB, JJ., concur.